SPEZIALI, GREENWALD & HAWKINS, P.C.
37 Oakridge Drive
P.O. Box 1787
Voorhees, New Jersey 08043
Joanne Hawkins, Esq. Bar No. 68525_____

Attorneys for Defendant
CEPHALON, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA SCHAFER UHIREN, <br><br> Plaintiff, <br><br> vs. <br><br> BRISTOL-MYERS SQUIBB COMPANY, <br><br> Defendant. | **CEPHALON, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> Miscellaneous Case No. 02-MC-186 <br><br> Date: |

I.

**Background and Facts**

On June 11, 2002, Cephalon, Inc. ("Cephalon") was served with a third-party subpoena by plaintiff demanding the production of "[a]ny and all correspondence to and/or from Bristol-Myers Squibb Company and/or any of its predecessors, successors, subsidiaries or parent companies in your possession, custody, and/or control."  (Plaintiff attached this Subpoena to her Motion as Exhibit A.)  The subpoena was returnable on June 20, 2002, and relates to a case pending in the Eastern District of Arkansas, Cynthia Schafer Uhiren v. Bristol-Myers Squibb Company, Case No. 2:00CV-00114WRW.  Cephalon's principal place of business is located in West Chester, Pennsylvania.

The subpoena does not state the basis for the lawsuit, but Cephalon has learned that this case involves a product liability claim against Bristol-Myers Squibb Company based on its development, manufacture, and sale of the drug Stadol NS (butorphanol tartrate in nasal spray

294839-v1

form).  More specifically, plaintiff alleges that she became addicted to Stadol NS.  In fact, Cephalon had been named as a defendant in this lawsuit until it was non-suited on the eve of trial in 1999.  When the case was re-filed one year later in June 2000, Cephalon was no longer named as a defendant in the case.  Cephalon had no part in the research, development, or manufacture of Stadol NS.  Cephalon's sole connection to Stadol NS consists of detailing and selling the drug to neurologists between 1994 and 2000.

Plaintiff's counsel in this case also has three Stadol-related cases pending in the state courts of Middlesex County, New Jersey,[1] and another in Lackawanna County, Pennsylvania.[2]  The plaintiffs in those four cases all named Cephalon as a defendant.  Thus far, the plaintiffs in those four cases have not served discovery on Cephalon.

Based on the above facts, as well as the sheer overbreadth of the document subpoena at issue, Cephalon served plaintiff with an objection pursuant to Fed. R. Civ. P. 45(c)(1)(B) on June 18, 2002.  On July 9, 2002, plaintiff's counsel faxed a letter to Cephalon's counsel, attaching a letter written by the Special Master in Uhiren, Winslow Drummond, as well as the Court's September 6, 2001 order concerning Bristol-Myers Squibb Company's production of documents in that case.  Plaintiff's letter to Cephalon states that the eleven categories of documents that defendant was to produce pursuant to the Court's order "now pertain to third party disclosure as well."  Plaintiff then simply asks that Cephalon to withdraw its objections to the subpoena and "timely produce documents relevant to plaintiff's modified request."  The modified request to which plaintiff refers, however, is not to be found within the letter.

II.

---

[1] The three cases are: (1) Brenda Kesselman v. Bristol-Myers Squibb, et al., No. L-3288-01, (2) Michael Stein v. Bristol-Myers Squibb, et al., No. L-3280-01; and (3) Jan Ersfeld v. Bristol-Myers Squibb Company, et al., No. L-3284-01.

[2] Peter Siniawa, et al. v. Bristol-Myers Squibb Company, et al., No. 01-2878.

2

**Argument: The Subpoena is Improper**

Plaintiff's subpoena is improper and unduly burdensome, and has <u>not</u> been modified. Given the circumstances, plaintiff's motion to compel should be denied. At the very least, plaintiff's subpoena should be modified so as to comply with the orders and recommendations of the Court and Special Master in the Eastern District of Arkansas.

Federal Rule 45(c)(3)(A) states that the court by which a subpoena was issued shall quash or modify the subpoena if it: (1) fails to allow reasonable time for compliance; (2) requires a person to travel more than 100 miles; (3) requires the disclosure of privileged or other protected matter and no exception or waiver applies; and (4) subjects a person to undue burden. Two of four of these categories apply to the subpoena in question.

A.   <u>The Subpoena is Unduly Burdensome</u>

First, this subpoena subjects Cephalon to an undue burden. Plaintiff's counsel has a full and fair opportunity to litigate its claim against Cephalon in four other cases – three in New Jersey and one in Pennsylvania. Plaintiff's counsel in those cases have the opportunity to obtain discovery and all relevant materials from Cephalon without subjecting Cephalon to the burdensome nature of a general subpoena for records. The service of a subpoena in this case ignores these other cases in which plaintiff's counsel has had the opportunity to obtain relevant information. Plaintiff's counsel's attempt to now obtain discovery from Cephalon through the back door of a third-party subpoena is nothing more than harassment. Plaintiff's counsel should not be permitted to abuse the subpoena process in this manner.

B.   <u>The Subpoena, as Written, is Overly Broad</u>

Further, as Special Master Drummond observed in <u>Uhiren</u>, the subpoena's contents are far too overbroad. The subpoena seeks "all correspondence to or from Bristol-Myers Squibb Company." The subpoena does not attempt to limit the scope of documents sought to the issues relevant to this litigation, but rather seeks every piece of paper sent to or received from Bristol-Myers Squibb Company. Moreover, the category of documents sought is so broad that it may

3

require the disclosure of trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(c)(A)(iii).

The Special Master's letter to counsel for both parties in Uhiren (attached to Plaintiff's Motion as Exhibit C) specifically states that the subpoena served upon Nastech was "far too broad." Nastech agrees with plaintiff's assertion that the Special Master wrote that any production of documents on third parties "must be limited in scope to documents embraced by Judge Wilson's order of September 6, 2001," but plaintiff omits the Special Master's following statement:

> *If the subpoenas are so modified, then documents thus described must be produced in response to the subpoenas with the understanding, of course, that there are objections or other requests for relief filed in the Eastern District of Pennsylvania. . . .*

(emphasis added.) Plaintiff never modified the subpoena, but rather wrote a letter attaching the Special Master's letter and the Court's order of production as to the defendant in Uhiren and essentially asked Cephalon to decipher what documents plaintiff seeks to be produced within the overly broad subpoena.

Plaintiff's July 9, 2002 letter attaching Special Master Drummond's recommendation and the court's September 2001 order as to defendant Bristol-Myers Squibb Company is not enough to remedy the overbreadth of the subpoena. Plaintiff essentially asks Cephalon to interpret the court's order, which pertains to Bristol-Myers Squibb Company, and project that order onto Cephalon. The Federal Rules do not require third parties to rewrite an improper subpoena. Plaintiff's course of action was the equivalent of writing a letter stating, "Attached is the Special Master's recommendation and earlier court order, you do the work." Plaintiff still has not modified the subpoena, per the instructions of the Special Master in the Eastern District of Arkansas. Plaintiff should not be permitted to enforce an improper third party subpoena.

III.

4

## Conclusion

For all of the foregoing reasons, plaintiff's motion to compel production should be denied. Cephalon respectfully requests oral argument on these issues.

                              Respectfully submitted.

                              By:_____
                                  Joanne Hawkins, Esq.
                                  Attorneys for Cephalon, Inc.

<u>CERTIFICATE OF SERVICE</u>

On July 31, 2002, the foregoing document was served via facsimile and by regular U.S. mail on the following:

1. Mr. Samuel Pollack
   Mr. Michael Hugo
   HUGO & POLLACK, L.L.P.
   440 Commercial Street, Ste 6
   Boston, Massachusetts 02109

_____
Barbara DeMarco